UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PROGRESSIVE DIRECT INSURANCE COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>DARLENE WOODFORD, REBECCA LOFTIS, KENNITH BULLIS,<br><br>Defendants. | No.  2:24-cv-2809 DJC AC<br><br>FINDINGS AND RECOMMENDATIONS |

This matter is before the court on plaintiff's motion for default judgment. ECF No. 11. The motion was referred to the undersigned pursuant to E.D. Cal. R. 302(c)(19). The motion was taken under submission on the papers. ECF No. 12. For the reasons set forth below, the undersigned recommends plaintiff's motion be DENIED.

**I.     Relevant Background**

Plaintiff filed this complaint seeking declaratory relief on October 11, 2024, asserting jurisdiction pursuant to 28 U.S.C. §1332. ECF No. 1 at 2. Plaintiff Progressive Direct Insurance Company ("Progressive") is an insurance company seeking a declaratory judgment that it has no duty to defend or indemnify in relation to an underlying state court action. Id. On July 19, 2024, underlying plaintiff Timothy Yakaitis filed a lawsuit in Shasta County Superior Court under case number 205546, against defendants Darlene Woodford, Rebecca Loftis, Kenneth Bullis, and

1

Peloria Bridge Bay, LLC. Id. at 3. A copy of the Yakaitis Complaint is attached to the complaint as Exhibit A. Id. The Yakaitis Complaint asserts claims for negligence arising out of injuries sustained on April 22, 2024 on a houseboat owned by Woodford and moored at Bridge Bay Marina in Redding, California. Id. The Yakaitis Complaint alleges generally that on April 21, 2024, Yakaitis was a guest at the houseboat, having been invited by Loftis, the daughter of Woodford. Id. The Yakaitis Complaint further alleges that Yakaitis was injured when he accessed the top deck while accompanied by another guest, Ms. Hailey Dean, and the railing gave way causing him to hit the cement deck below. Id. The Yakaitis Complaint alleges damages for, inter alia, general damages, compensatory damages, wage loss, loss of use of property, hospital and medical expenses, and loss of earning capacity. Id.

Progressive Direct issued to the named insured, Darlene Woodford, a California Boat and Personal Watercraft Policy, policy number 979988069, effective for the policy period from April 15, 2024 to April 15, 2025 (the "Policy"). The Policy identifies a 1986 Boat Motel owned by Darlene Woodford, Hull ID Number XSO000000000. The Policy is attached to the complaint as Exhibit B. The Policy is written on form 2749, Edition 02/19, and affords coverage for damages for "bodily injury for which an insured person becomes legally responsible because of an accident." The Policy contains an exclusion from coverage and the duty to defend for "bodily injury or property damage that occurs because a covered watercraft is not in seaworthy condition." Id. at 5.

Progressive seeks declaratory relief that it has no duty to defend or indemnify the defendants. Id. at 6-10. Summons for all three defendants were returned executed on November 5, 2024. ECF Nos. 6, 7, 8. The Clerk of Court entered default as to all defendants on January 8, 2025. ECF No. 10. Plaintiff filed the pending motion for default judgment on June 5, 2025. ECF No. 11. The motion was served on defendants. ECF No. 11-1 at 4. None of the defendants have responded to the motion or made any appearance in this case.

////

////

////

## II. Motion

Plaintiff moves for default judgment on all counts, seeking entry of the following declaratory judgment: "Plaintiff does not owe Defendants a defense or indemnification for the claims stated in the lawsuit brought against them in Shasta County Superior Court, <u>Yakaitis v. Woodford et al.</u>, case number 205546." ECF No. 11-1 at 1-2. Plaintiff alleges that the duty to defend is abrogated by the application of the "seaworthy condition" exclusion in the applicable policy (ECF No. 11 at 6-7), and that it does not owe a duty to defend defendants Loftis or Bullis, who are not covered insureds pursuant to the terms of the policy (<u>id.</u> at 5-6).

## III. Analysis

A. <u>Legal Standard</u>

Pursuant to Federal Rule of Civil Procedure 55, default may be entered against a party against whom a judgment for affirmative relief is sought who fails to plead or otherwise defend against the action. <u>See</u> Fed. R. Civ. P. 55(a). However, "[a] defendant's default does not automatically entitle the plaintiff to a court-ordered judgment." <u>PepsiCo, Inc. v. Cal. Sec. Cans</u>, 238 F.Supp.2d 1172, 1174 (C.D. Cal. 2002) (citing <u>Draper v. Coombs</u>, 792 F.2d 915, 924-25 (9th Cir. 1986)); <u>see</u> Fed. R. Civ. P. 55(b) (governing the entry of default judgments). Instead, the decision to grant or deny an application for default judgment lies within the district court's sound discretion. <u>Aldabe v. Aldabe</u>, 616 F.2d 1089, 1092 (9th Cir. 1980). In making this determination, the court may consider the following factors:

> the possibility of prejudice to the plaintiff; (2) the merits of plaintiff's substantive claim; (3) the sufficiency of the complaint; (4) the sum of money at stake in the action; (5) the possibility of a dispute concerning material facts; (6) whether the default was due to excusable neglect; and (7) the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits.

<u>Eitel v. McCool</u>, 782 F.2d 1470, 1471-72 (9th Cir. 1986). Default judgments are ordinarily disfavored. <u>Id.</u> at 1472.

Once default is entered, well-pleaded factual allegations in the operative complaint are taken as true, except for those allegations relating to damages. <u>TeleVideo Sys., Inc. v. Heidenthal</u>, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam) (citing <u>Geddes v. United Fin.</u>

3

Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam)); see also Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002). Although well-pleaded allegations in the complaint are admitted by a defendant's failure to respond, "necessary facts not contained in the pleadings, and claims which are legally insufficient, are not established by default." Cripps v. Life Ins. Co. of N. Am., 980 F.2d 1261, 1267 (9th Cir. 1992) (citing Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978)); accord DIRECTV, Inc. v. Huynh, 503 F.3d 847, 854 (9th Cir. 2007) ("[A] defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law") (citation and quotation marks omitted); Abney v. Alameida, 334 F.Supp.2d 1221, 1235 (S.D. Cal. 2004) ("[A] default judgment may not be entered on a legally insufficient claim."). A party's default conclusively establishes that party's liability, although it does not establish the amount of damages. Geddes, 559 F.2d at 560; cf. Adriana Int'l Corp. v. Thoeren, 913 F.2d 1406, 1414 (9th Cir. 1990) (stating in the context of a default entered pursuant to Federal Rule of Civil Procedure 37 that the default conclusively established the liability of the defaulting party).

B. The Eitel Factors

1. Factor One: Possibility of Prejudice to Plaintiff

The first Eitel factor considers whether the plaintiff would suffer prejudice if default judgment is not entered, and such potential prejudice to the plaintiff weighs in favor of granting a default judgment. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Here, plaintiff would suffer prejudice if the court did not enter a default judgment because it would be compelled to continue providing a defense to the underlying lawsuit. Accordingly, the first Eitel factor favors the entry of default judgment.

2. Factors Two and Three: Merits of Claims and Sufficiency of Complaint

The merits of plaintiff's substantive claims and the sufficiency of the complaint are considered here together because of the relatedness of the two inquiries. The court must consider whether the allegations in the complaint are sufficient to state a claim that supports the relief sought. See Danning, 572 F.2d at 1388; PepsiCo, Inc., 238 F.Supp.2d at 1175. Here, the merits of the claims and sufficiency of the complaint do not favor entry of default judgment.

Plaintiff brings a single cause of action for declaratory relief. ECF No. 1. The

4

Declaratory Judgment Act allows a federal court to "declare the rights and other legal relations" of parties to a "case of actual controversy." 28 U.S.C. § 2201; Spokane Indian Tribe v. United States, 972 F.2d 1090, 1091 (9th Cir. 1992). It is within the court's discretion to determine whether to entertain an action for declaratory relief; the Declaratory Judgment Act "gave the federal courts competence to make a declaration of rights; it did not impose a duty to do so." Public Affairs Assoc. v. Rickover, 369 U.S. 111, 112 (1962); Gov't Employees Ins. Co. v. Dizol, 133 F.3d 1220, 1223 (9th Cir. 1998). A declaratory relief claim operates "prospectively," not to redress past wrongs. Britz Fertilizers, Inc. v. Bayer Corp., 665 F.Supp.2d 1142, 1173 (E.D. Cal. 2009).

The Ninth Circuit held that "[d]eclaratory relief is appropriate (1) when the judgment will serve a useful purpose in clarifying and settling the legal relations in issue, and (2) when it will terminate and afford relief from the uncertainty, insecurity, and controversy giving rise to the proceeding." Eureka Fed. Sav. & Loan Assoc. v. American Cas. Co., 873 F.2d 229, 231 (9th Cir. 1989). To determine whether declaratory relief is appropriate, the court must determine whether there is a "substantial controversy, between parties having adverse legal rights, or sufficient immediacy and reality to warrant the issuance of a declaratory judgment." Maryland Cas. Co. v. Pacific Coal & Oil Co., 312 U.S. 270, 273 (1941). Here, there is an active controversy regarding plaintiff's obligation to defend and indemnify defendants with respect to the underlying state court lawsuit, and entry of declaratory relief is appropriate and necessary to resolve the uncertainty surrounding plaintiff's obligations. The undersigned therefore finds it appropriate to entertain the claim for declaratory relief. Following entry of default, the court takes the complaint's well-pleaded allegations regarding liability as true. Fair Housing of Marin v. Combs, 285 F.3d 899, 906 (9th Cir. 2002).

Here, plaintiff first contends that it owes no duty to defendants Bullis and Lofits because they are not covered insureds. Plaintiff asserts that the policy was issued to Darlene Woodford and covered only Woodford and her "relatives," defined as persons residing in the same household and related by blood, marriage, adoption, etc. ECF No. 11 at 5; see also ECF No. 1-2 (Policy Declarations) at 11 (definition of "Relatives"). Accordingly, plaintiff contends, it owes

no duty to defend or indemnify Loftis (Woodford's adult daughter) or Bullis (Woodford's ex-husband), each of whom allegedly do not live in the same household as Woodford and accordingly are not covered insureds. Id.;[1] see also ECF No. 1-2 at 11-12. However, while the complaint acknowledges that the definition of "insured person" also includes "any person with respect to an accident arising out of that person's use of a covered watercraft or trailer with the permission of you or a relative" (ECF No. 1 at 5), and this clause appears in the policy (ECF No. 1-2 at 12), the default judgment motion fails to mention it. It appears to the court that this clause may cover Loftis, who issued the invitation to Yakaitis (ECF No. 1 at 3) and who may well have been using the boat with the permission of Darlene Woodford. The Yakaitis Complaint affirmatively alleges that this was the case. ECF No. 1-1 at 8. The undersigned does not assume the truth of the allegations in the Yakaitis complaint as it must assume the truth of the allegations in Progressive's complaint. However, Progressive's complaint does not contain factual allegations which demonstrate that Loftis was *not* using the boat with Woodford's permission. Neither does the complaint contain allegations regarding Bullis from which it can be concluded that he falls outside the scope of "insured persons." Because the allegations of the complaint are insufficient to establish that Loftis and Bullis are not "insured persons" with respect to the Yataikis incident, plaintiff has not shown a likelihood of success on the merits as to these defendants.

    Plaintiff further alleges that it has no duty to defined the underlying action because the insurance policy at issue contains an applicable exclusion to coverage and the duty to defend if the vessel is not in seaworthy condition. ECF No. 11 at 6-7. Such exclusions are permitted under California law, which holds it is "well established that an insurer has a right to limit the policy coverage in plain and understandable language and is at liberty to limit the character and extent of the risk it undertakes to assume." Trishan Air, Inc. v. Fed. Ins. Co., 635 F.3d 422, 430 (9th Cir. 2011) (quoting Everett v. State Farm Gen. Ins. Co., 162 Cal.App.4th 649, 656 (2008)). The subject policy contains such an exclusion. ECF No. 1-2 at 14, ¶ 17. However, plaintiff's only

---

[1] The court notes that the Yakaitis Complaint alleges that Loftis did reside at her mother's address at the time of the accident. ECF No. 1-1 at 8.

argument that the vessel was not in seaworthy condition is that "the Underlying Action alleges that the watercraft was in 'dangerous disrepair' and that Defendants were 'derelict in their duty to anyone using [the watercraft] to maintain it in reasonably safe condition.'"  ECF No. 11 at 7.  The allegation in the underlying lawsuit that the vessel was not in seaworthy condition does not establish the fact that the vessel was not seaworthy.  As noted above, the allegations assumed to be true in the default judgment context are those alleged in the federal complaint.  It would be improper for this court to assume the truth of allegations made by a different party in a separate lawsuit in a different venue.  The operative federal complaint is devoid of specific allegations regarding the vessel's seaworthiness that would demonstrate the policy exemption applies.  Accordingly, plaintiff has not demonstrated an entitlement to relief on the merits.  This factor disfavors entry of default judgment.

### 3. Factor Four: The Sum of Money at Stake in the Action

Under the fourth Eitel factor, the court considers the amount of money at stake in relation to the seriousness of defendant's conduct.  Here, plaintiff seeks only declaratory relief.  The amount at issue is proportionate to the seriousness of defendant's conduct and this factor favors entry of default judgment.

### 4. Factor Five: Possibility of Dispute Concerning Material Facts

Because the court may assume the truth of well-pleaded facts in the complaint following the clerk's entry of default, courts regularly find little or no likelihood that any genuine issue of material fact exists.  See, e.g., Elektra Entm't Group Inc. v. Crawford, 226 F.R.D. 388, 393 (C.D. Cal. 2005) ("Because all allegations in a well-pleaded complaint are taken as true after the court clerk enters default judgment, there is no likelihood that any genuine issue of material fact exists."); accord Philip Morris USA, Inc., 219 F.R.D. at 500; PepsiCo, Inc., 238 F.Supp.2d at 1177.  In this case, however, plaintiff has failed to plead facts that are essential to the coverage questions presented by its lawsuit: whether Woodford's houseboat was maintained in seaworthy condition, and whether Loftis and/or Bullis were at the time of Yataikis's accident using the boat with Woodford's permission.  As indicated above, comparison of the complaints in this case and the underlying state case suggests that facts material to coverage are in dispute.  This factor

accordingly weighs against default judgment.

### 5. Factor Six: Whether Default Was Due to Excusable Neglect

Upon review of the record before the court, there is no indication that the default was the result of excusable neglect. See PepsiCo, Inc., 238 F.Supp.2d at 1177. Plaintiff served the defendants with the summons and complaint. ECF Nos. 6, 7, 8. Moreover, plaintiff served defendants by mail with notice of its application for default judgment. ECF No. 11 at 10. Despite ample notice of this lawsuit and plaintiff's intention to seek a default judgment, defendants failed to defend in this action. Thus, the record supports a conclusion that the defendants have chosen not to defend this action, and not that the default resulted from any excusable neglect. Accordingly, this Eitel factor favors the entry of a default judgment.

### 6. Factor Seven: Policy Favoring Decisions on the Merits

"Cases should be decided upon their merits whenever reasonably possible." Eitel, 782 F.2d at 1472. District courts have concluded with regularity that this policy, standing alone, is not dispositive, especially where a defendant fails to appear or defend itself in an action. PepsiCo, Inc., 238 F.Supp.2d at 1177; see also Craigslist, Inc. v. Naturemarket, Inc., 694 F.Supp.2d 1039, 1061 (N.D. Cal. Mar. 5, 2010). Here, however, this factor is not outweighed by the factors which lie in favor of default judgment.

### 7. Conclusion: Propriety of Default Judgment

Upon consideration of all the Eitel factors, the court concludes that plaintiff is not entitled to the entry of default judgment against any defendant at this time. Plaintiff has not demonstrated that defendants Lofits and Bullis are not covered insureds, or that the vessel at issue was not seaworthy such that the seaworthiness exclusion applies.

## IV. Conclusion

It is RECOMMENDED THAT plaintiff's motion for default judgment (ECF No. 11) be DENIED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within twenty one days after being served with these findings and recommendations, any party may file written

objections with the court and serve a copy on all parties. Id.; see also Local Rule 304(b). Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be filed with the court and served on all parties within fourteen days after service of the objections. Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Turner v. Duncan, 158 F.3d 449, 455 (9th Cir. 1998); Martinez v. Ylst, 951 F.2d 1153, 1156-57 (9th Cir. 1991).

DATED: December 3, 2025

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE